## CHICAGO, M. & ST. P. RY. CO. v. NEWMAN.

(Circuit Court of Appeals, Seventh Circuit. February 4, 1926.)

No. 3611.

Railroads ⚖═400(5).

Whether brake rod hanger, which struck person near track, came from passing engine, *held* for jury.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Andrew G. Newman against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

M. L. Bluhm, of Chicago, Ill., for plaintiff in error.

James C. McShane, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. While employed by the city of Chicago, at a place near defendant's tracks, plaintiff's cap was blown from his head, and he went to pick it up. As he did so, one of defendant's fast passenger trains passed by, and simultaneously therewith plaintiff, who was some 30 feet from the passing train, was struck by an iron brake rod hanger, weighing about 7½ pounds, and his leg broken. Plaintiff did not see the iron bar until just after he was struck, at which time he saw it moving. His theory that the hanger came from the engine of the passing train has some support in the evidence, aside from that arising by virtue of the accident. No witness saw the iron hanger strike plaintiff and the source from which it came is solely a matter of inference.

Defendant's evidence tended to prove that the engine, when it reached its destination, was supplied with its iron brake rod hanger, and therefore it argues that plaintiff's deduction of negligence arising from the occurrence of the accident was conclusively rebutted. It would serve no useful purpose to discuss the evidence at length. It is sufficient to say that we are of the opinion that there remained at the close of the testimony a jury question as to whether the hanger which caused the injury came from the passing engine, and whether its detachment evidenced a want of ordinary care on defendant's part.

In the last analysis, the case presented disputed issues of fact. As to them the jury was required to determine the probative force of certain inferences deducible from established and undisputed facts, and then weigh them against the testimony of defendant's witnesses. Under the circumstances, it would have been error for the trial judge to have substituted his judgment for that of the jury.

The judgment is affirmed.